IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICHARD CVENGROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-024 |
| | ) | |
| WHEELER CORRECTIONS FACILITY and NURSE BOONE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

In his complaint, Plaintiff names WCF and Nurse Boone as Defendants. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is in severe pain and has to climb up to a top bunk. (Id. at 5.) Nurse Boone has

denied Plaintiff a bottom bunk profile and Plaintiff has also been denied a double mattress profile. (Id.) Plaintiff has put in two sick calls in six months, and has also submitted one grievance about his medical condition. (Id.) Plaintiff states that he suffers from the medical condition of "artafical lumbar – screw's and a spinule fusion [sic]." (Id.) Plaintiff alleges that the denial of these profiles is a violation of his Eighth Amendment rights. (Id.) Plaintiff seeks relief in the form of money damages. (Id.)

### B. LEAVE TO AMEND COMPLAINT

Here, Plaintiff's allegations do not allow the Court to conduct a meaningful initial review of his complaint. Plaintiff does not describe his condition in sufficient detail. Plaintiff's description of his condition appears to be that he had spinal fusion surgery that included placement of screws. If this is Plaintiff's condition, he should provide the date of his surgery and describe when and what medical treatment he did receive for this condition. Plaintiff should also state whether any medical practitioner has stated he needs either a bottom bunk profile or double mattress profile. If no medical practitioner has stated Plaintiff needs these profiles, he should state why he feels he needs the profiles, including whether his failure to get these profiles have hurt him or exacerbated his condition. Nor does Plaintiff describe with sufficient facts how each named defendant purportedly violated his constitutional rights. Plaintiff should state what reasons any defendant gave for denying Plaintiff these profiles.

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to

include all of his allegations in one document, within twenty-one days of the date of this Order.¹ If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.² Thus, Plaintiff must name the individuals whom he seeks to

---

¹The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

²For example, Plaintiff should not simply state, "See attached documents."

include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 1st day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA