IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICHARD CVENGROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-024 |
| | ) | |
| WHEELER CORRECTIONS FACILITY | ) | |
| and NURSE BOONE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. On June 1, 2015, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies. (Doc. no. 9.) Plaintiff has submitted an amended complaint. (Doc. no. 10.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

    **A.    Original Complaint Allegations and Leave to Amend**

In his original complaint, Plaintiff named as Defendants WCF and Nurse Boone. (Doc. no. 1, pp. 1, 4.) Plaintiff alleged the following facts.

Plaintiff is in severe pain and has to climb up to a top bunk. (Id. at 5.) Nurse Boone has denied Plaintiff a bottom bunk profile and Plaintiff has also been denied a double mattress profile. (Id.) Plaintiff has put in two sick calls in six months, and has also submitted one grievance about his medical condition. (Id.) Plaintiff states that he suffers from the medical condition of "artafical lumbar – screw's and a spinule fusion [sic]." (Id.) Plaintiff alleges that the denial of these profiles is a violation of his Eighth Amendment rights. (Id.) Plaintiff seeks relief in the form of money damages. (Id.)

The Court notified Plaintiff in its June 1st Order that his allegations did not allow it to conduct a meaningful initial review. (Doc. no. 9.) The Court identified the following pleading deficiencies:

> Plaintiff does not describe his condition in sufficient detail. Plaintiff's description of his condition appears to be that he had spinal fusion surgery that included placement of screws. If this is Plaintiff's condition, he should provide the date of his surgery and describe when and what medical treatment he did receive for this condition. Plaintiff should also state whether any medical practitioner has stated he needs either a bottom bunk profile or double mattress profile. If no medical practitioner has stated Plaintiff needs these profiles, he should state why he feels he needs the profiles, including whether his failure to get these profiles have hurt him or exacerbated his condition. Nor does Plaintiff describe with sufficient facts how each named defendant purportedly violated his constitutional rights. Plaintiff should state what reasons any defendant gave for denying Plaintiff these profiles.

(Id.)

Because Plaintiff is proceeding *pro se*, the Court gave him an opportunity to attempt to cure the identified pleading deficiencies by submitting an amended complaint. (Id.)

**B.    Amended Complaint Allegations**

Plaintiff still names as Defendants WCF and Nurse Boone. (Doc. no. 10, pp. 1, 4.)

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Medical Staff at WCF never "documented [Plaintiff's] medical documents and the pain [Plaintiff] was having" when he first arrived at WCF on July 25, 2014. (Id. at 5.) Plaintiff "was denied [his] profiles do [sic] to [his] medical document's [sic] such as [his] MRIs [he] gave Nurse Boone" on September 5, 2014 at 9:00 a.m. (Id.) Nurse Boone and WCF participated in this misconduct. (Id.) Plaintiff seeks relief in the form of money damages. (Id. at 6.)

### C. Discussion

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant WCF.

Plaintiff has failed to state a viable § 1983 claim against Defendant WCF because WCF is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as

4

the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sneed v. Wheeler Corr. Facility, No. CV 314-085, 2015 WL 1757502, at *3 (S.D. Ga. Apr. 17, 2015) report and recommendation adopted sub nom. Sneed v. Wheeler Corr. Facilty, No. CV 314-085, 2015 WL 2255090 (S.D. Ga. May 8, 2015) (finding WCF is not subject to liabiliuty in a § 1983 suit); Welty v. Wheeler Corr. Facility, CV 312–034, 2012 WL 5722303, at *2 (S.D. Ga. Sept. 28, 2012) report and recommendation adopted, CV 312–034, 2012 WL 5721803 (S.D. Ga. Nov. 15, 2012) (same); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, WCF is not subject to liability in a § 1983 suit and must be dismissed from this action.

### 3. Plaintiff Fails to State a Claim Against Defendant Boone For Deliberate Indifference.

Plaintiff does not remedy in his amended complaint the deficiencies this Court identified in his initial complaint. Additionally, his amended complaint fails to repeat many of

the facts contained in his initial complaint. However, even if the Court were to read the allegations of the initial and amended complaints in tandem for purposes of this screen, he has failed to state a claim for deliberate indifference to a serious medical need against Nurse Boone. "To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff cannot satisfy either the objective or the subjective element of deliberate indifference. First, he does not sufficiently allege a serious medical need. Plaintiff alleges that he has back pain because of a back surgery he had on an unknown date, but he does not allege that his back pain was so serious that if left unattended it posed a substantial risk of serious harm. He does not (1) describe when and what medical treatment he did receive for this condition, or (2) allege that a medical practitioner has stated he needs either a bottom bunk profile or double mattress profile. He alleges that he gave an MRI to Nurse Boone, but he does not allege that the MRI demonstrated a serious medical condition that required his requested profiles. (Doc. no. 10, p. 5.) Moreover, the Eleventh Circuit has stated that "back pain is not

the type of serious condition this circuit requires" to demonstrate the objective component of deliberate indifference. Burley v. Upton, 257 F. App'x 207, 210 (11th Cir. 2007).

Second, Plaintiff cannot demonstrate that Defendant Boone disregarded a risk of serious harm by following a course of action that constituted more than gross negligence. Plaintiff alleges that Defendant Boone refused to grant him a bottom bunk or double mattress profile, however Plaintiff does not allege that Defendant Boone knew that refusing to grant these profiles created a serious risk of harm to Plaintiff or consciously disregarded that risk of harm. Third, Plaintiff does not allege that he suffered any injury as a result of not receiving these profiles, aside from the vague, generalized allegation that climbing onto a top bunk is painful.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of July, 2015, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA